AO 91 (Rev. 11/11) Criminal Complaint

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED

*October 14, 2020*

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. **4:20mj1975** |
| Ivan NOVAK | ) | |
| Richard Brandon SCHOPPE | ) | |
| Russell Timothy CAMPBELL | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 21, 2020 _____ in the county of _____ Harris County _____ in the

_____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 USC § 841(a)(1) and (b)(1) (A)(ii)(II); and § 846 | Possess with the intent to distribute a controlled substance; Conspiracy to possess with the intent to distribute a controlled substance, to wit: 5 kilograms or more of cocaine a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See Affidavit in Support of Criminal Complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joshua Hansen, DEA SA
*Printed name and title*

Sworn to before me telephonically.

Date: _____ October 14, 2020 _____

_____
*Judge's signature*

City and state: _____ Houston, Texas _____

Peter Bray, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joshua Hansen, being duly sworn telephonically, depose and state as follows:

1. I am a Special Agent of the Drug Enforcement Administration (DEA), within the meaning of Title 18, United States Code § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code § 2516. I am responsible for conducting and assisting in investigations into violations of US narcotics laws. I have been a Special Agent since January 2013. I received eighteen weeks of training in drug investigations and related legal matters at the DEA Training Academy in Quantico, Virginia. Prior to being a Special Agent, I was a Sergeant with the Montgomery County Precinct Three Constable's office in Montgomery County, Texas for approximately nine (9) years. I have received courses of instruction from DEA relative to the investigative techniques and the conducting of drug and financial investigations. I have participated in and conducted investigations which have resulted in the arrests of individuals who have smuggled, received and distributed controlled substances, including marijuana, cocaine, methamphetamine, and heroin, as well as the seizure of illegal drugs and proceeds of the sale of those illegal drugs. In addition, I have conducted, in connection with these and other cases, follow up investigations concerning the concealment of drug produced assets, money, bank records, etc., and the identification of drug conspirators through the use of ledgers, telephone bills and records, photographs and bank checks, as related to drug trafficking. I have participated in investigations involving the interception of wire and electronic communications and am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing drugs,

their use of cellular devices, and their use of numerical codes and code words to conduct their illegal transactions.

2.  Based upon my training, experience, and participation in narcotics trafficking cases, which have resulted from violations of the Title 21, I prepared this Affidavit in support of a criminal complaint charging **Ivan NOVAK**, hereinafter, **NOVAK**; **Richard Brandon SCHOPPE**, hereinafter **SCHOPPE**; and **Russell Timothy CAMPBELL**, hereinafter **CAMPBELL**, with violating Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(ii)(II), Possess with Intent to Distribute a Controlled Substance; and Section 846, Conspiracy to Possess with Intent to Distribute a Controlled Substance, in this instance, five kilograms or more of cocaine, a schedule II controlled substance.

## PROBABLE CAUSE

3.  Since August 2020, Drug Enforcement Administration Houston Division Group H-32 has been investigating a Drug Trafficking Organization (DTO) responsible for transporting multi-kilogram quantities of cocaine and methamphetamine from Mexico through the southern border of Texas to the Houston, Texas area and then to distribution to cities throughout the United States and Canada. On August 6, 2020, DEA agents conducted a controlled delivery of approximately 13 kilograms of cocaine and approximately 3 kilograms of methamphetamine in the Houston, Texas area, as a result of that operation, agents developed a cooperating witness. The cooperating witness identified, to agents, **SCHOPPE** as a person involved with the DTO, responsible for taking deliveries of narcotics loads in the Houston, Texas area and then transferring the narcotics to tractor-trailer drivers in Houston, Texas for transportation to northern distribution cities.

4. On August 21, 2020 at approximately 7:00 AM, Houston HIDTA H-32 along with Montgomery County Narcotics Enforcement Team (MOCONET), Katy Police Department, and Pasadena Police Department investigators established surveillance in the area of 3310 Space Center, Trailer 242, Pasadena, Texas—the residence of **SCHOPPE**. At approximately 9:12 AM, I observed **SCHOPPE** depart his residence driving a maroon Ford F-150 bearing Texas plate 8LMZC, registered to **SCHOPPE**.

5. Investigators maintained surveillance of **SCHOPPE** as he traveled directly to the Cube Smart storage business located at 1202 Shepard Drive, Houston, Texas 77007, arriving at approximately 9:42 AM, then parking and entering the building. At approximately 9:50 AM, investigators observed **SCHOPPE** exit the storage building along with another white male, later identified as **CAMPBELL**, pulling a flat cart containing several pieces of luggage. **SCHOPPE** and **CAMPBELL** then loaded the luggage into a white Dodge Ram flatbed truck bearing Texas plate MVR2265, registered to **CAMPBELL**. Agents were able to visually identify **CAMPBELL** and **SCHOPPE** from their Texas Driver's license photos. At approximately 9:55 AM, investigators observed the white Dodge truck depart the Cube Smart Storage business being driven by **CAMPBELL** with **SCHOPPE** as a passenger.

6. Investigators maintained surveillance of **SCHOPPE** and **CAMPBELL** as they traveled directly to the Loves Truck Stop located at 210 Patton Street, Houston, Texas 77009, arriving at approximately 9:59 AM.      Investigators observed the white Dodge truck drive into the rear tractor-trailer parking lot at the Loves Truck Stop. They then saw **CAMPBELL** and **SCHOPPE** back the Dodge into a parking spot next to a white 2017 Freightliner displaying an Ontario, Canada, license plate.

7. At this time, DEA aerial surveillance observed the occupants of the white Dodge truck meet the driver of the tractor-trailer, who was later identified as **NOVAK**. Surveillance then observed the white Dodge truck back up all the way to the rear of the tractor-trailer and meet **NOVAK** at the rear of the trailer. At approximately 10:11 AM, aerial surveillance observed the white Dodge truck depart the rear parking lot.

8. At approximately 12:07 PM, investigators observed the white Freightliner depart the truck parking lot and head north on Interstate 45. Surveillance was maintained on the truck as it traveled from Interstate 45 to the 610 Loop eastbound then north on Interstate 59.

9. At approximately 12:41 PM, MOCONET Deputy Tyler Hall initiated a traffic stop of the white freightliner on the 13300 block of US Highway 59 N, Splendora, Texas 77372 for committing traffic violations. At approximately 1:44 PM, Deputy Hall advised surveillance units that the driver, **NOVAK,** had been detained. Deputy Hall further advised that he and Deputy Scott Martin had, following a consent search of the trailer, located five pieces of luggage, sitting on top of a load of tomatoes, containing 100 bundles of suspected cocaine, weighing approximately 116 kilograms. The luggage consisted of three rolling duffle bags and two carry-on style suitcases. The luggage appeared to be identical to the luggage referenced in Paragraph 5. Field-testing of the bundles confirmed positive results for cocaine.

10. Deputy Hall noted that before searching the trailer, the deputies removed a numbered plastic seal of the same type and number order as a set found in the cab of the tractor-trailer driven by **NOVAK**. A bill of lading—detailing the cargo and its destination—was found in the freightliner and identified Bellflower of Pharr, Texas as the loader of the produce. Deputy Martin contacted Bellflower, and its management advised that the company did not place seals

on the trailers after loading and that placing a seal was the responsibility of the tractor-trailer drivers. **NOVAK** was subsequently arrested and transported to Montgomery County Jail.

11. On August 24, 2020, I met with a Cube Smart General Manager at the Cube Smart location located at 1202 Shepard Drive and served an administrative subpoena requesting information regarding the access logs and surveillance video footage during the relevant times of access on August 21, 2020. The manager accessed the video security footage from August 21, 2020, which showed **SCHOPPE** and **CAMPBELL** accessing the Cube Smart storage property corresponding with the surveillance observations on August 21, 2020. The video showed **CAMPBELL** arriving at the property in the white Dodge truck at approximately 9:28 AM, according to the footage time stamp. **CAMPBELL** then walked inside the building's east side elevator entrance. At approximately 9:43 AM, **SCHOPPE** arrived driving the maroon Ford F-150, parked, and then entered the building's west elevator entrance. At approximately 9:44 AM, **CAMPBELL** took the west elevator from the 4th floor to the ground floor where he met **SCHOPPE**, and they went back up the 4th floor in the west elevator taking a flat rolling cart with them. At approximately 9:48 AM, **CAMPBELL** and **SCHOPPE** took the elevator to the ground floor with the flat cart loaded with the same luggage that was seized on August 21, 2020, containing the 100 bundles of cocaine. The video also showed **CAMPBELL** and **SCHOPPE** loading the luggage into the white Dodge truck's rear seat compartment.

12. On August 27, 2020, the Cube Smart Manager emailed me a PDF document containing the company's access log report for Unit #4259. Unit #4259 was determined to be the unit accessed by **CAMPBELL** and **SCHOPPE**, showing that persons accessed the unit at the same corresponding times **CAMPBELL** and **SCHOPPE** accessed the various gates and elevators as shown on surveillance video on August 21, 2020.

Page **5** of **6**

## CONCLUSION

13. Based upon the above, I submit there is probable cause to believe that **Ivan NOVAK, Richard Brandon SCHOPPE**, and **Russell Timothy CAMPBELL** knowingly and intentionally violated Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(ii)(II), Possess with Intent to Distribute a Controlled Substance; and Section 846, Conspiracy to Possess with Intent to Distribute a Controlled Substance, in this instance, five kilograms or more of cocaine, a schedule II controlled substance.

Joshua Hansen, Special Agent
Drug Enforcement Administration

Sworn and subscribed to by telephone on this 14th day of October, 2020, and I find probable cause.

Peter Bray
United States Magistrate Judge